UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEFAN TELES** | **CIVIL ACTION** |
| **VERSUS** | **NO:     06-11250** |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL** | **SECTION:  "I" (4)** |

### ORDER

Before the Court is a **Motion to Compel Discovery and for Expenses (doc. #30)** filed by a defendant, Hallmark Capital Group, L.L.C., d/b/a Paul Davis Restoration of Southwest Houston ("Hallmark"), seeking an order from this Court compelling the plaintiff, Stefan Teles, to respond to outstanding discovery. Hallmark also seeks to recover the attorney fees and costs incurred in bringing the motion. Teles filed an opposition memorandum.

**I.    Background**

On August 22, 2006, Teles filed this action in the 22nd JDC for St. Tammany Parish against Liberty Mutual Fire Insurance Company and Hallmark alleging that his property in Slidell was damaged by Hurricanes Katrina and Rita. Teles contends that Liberty, as his insurer, failed to pay the amount due under the insurance contract. He also contends that Liberty retained Hallmark to work on, preserve, and protect his property and that Hallmark refused to take direction from him and caused further damage to his home.

The defendants removed this action on December 21, 2006 on the basis of diversity and then answered, denying liability.

## II.   Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party."  FED. R. CIV. P. 26(b)(1).  The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials.  *Hebert v Lando,* 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Further, "it is well established that the scope of discovery is within the sound discretion of the trial court."  *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

## III.   Analysis

Hallmark contends that it propounded interrogatories and requests for production on April 2, 2007.  It contends that more than thirty days have elapsed and Teles still has not answered the discovery.  Further, it notes that it has given Teles extensions of time to answer, yet no answers were provided.  It notes that while Teles's counsel provided it a note from a psychiatrist stating that Teles could not participate in the proceeding, plaintiff's counsel has not offered any explanation why Teles or his counsel could not answer a single interrogatory or produce one single document.

In response, Teles's counsel concedes that he has been unable to respond to the discovery even though he has attempted on numerous occasions to obtain the information and documents from Teles.  Teles's counsel contends that while he has taken steps to respond to the discovery, it will require an additional four weeks of time to properly respond to the requests.

The Court notes that under the Rules, the parties have an obligation to respond to discovery

within thirty days. *See* FED. R. CIV. P. 33, 34, 37. Here, the responses are overdue by three months. The motion to compel is therefore granted.

The Court also notes that Rule 37 requires that "[i]f the motion is granted . . . the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees" unless the Court finds that such a remedy is unjust. FED. R. CIV. P. 37(a)(4)(A). This Court granted the motion to compel and does not find the award of expenses unjust. Thus, Hallmark is awarded the costs incurred in making the motion to be assessed personally against Stefan Teles.

Accordingly,

**IT IS ORDERED** that the **Motion to Compel Discovery and for Expenses (doc. #30)** is **GRANTED**. Teles must answer the requests within five days.

**IT IS FURTHER ORDERED** that Hallmark shall file a motion to fix attorney fees into the record by **September 5, 2007** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **September 11, 2007**. The motion shall be set for hearing on **September 19, 2007** to be heard **without oral argument**

New Orleans, Louisiana, this  24th  day of August, 2007

	**KAREN WELLS ROBY**
	**UNITED STATES MAGISTRATE JUDGE**